283 So.2d 622

**Herbert Hoover GLASS**

v.

**STATE.**

**4 Div. 238.**

Court of Criminal Appeals of Alabama.

Sept. 25, 1973.

Bowen H. Brassell, Phenix City, for appellant.

William J. Baxley, Atty. Gen., and Kent Brunson, Asst. Atty. Gen., for the State.

BOWEN W. SIMMONS, Supernumerary Circuit Judge.

Appellant was indicted, tried before a jury and convicted for robbery. His sentence was ten years in the penitentiary.

The defendant pled not guilty and not guilty by reason of insanity. The evidence was all relevant to these two issues.

Appellant, an indigent, was represented in the trial court by appointed counsel. The same attorney by like appointment represents appellant on this appeal. Appellant's counsel with commendable candor says in his brief as follows:

"I have examined the record and find no errors in said record but respectfully request the Court to examine the record for the indigent Appellant."

The trial judge was very diligent and careful to see that the rights of the defendant were fully protected. He referred the defendant, on defendant's motion, to the State Psychiatric Commission for a mental examination. The psychiatrists composing the commission reported that the defendant was sane at the time of the alleged offense and thereafter. The defendant at the trial adduced evidence relevant to the issue of insanity. The jury ruled against him.

We are aware of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, wherein it appears that the appointed attorney did not file a brief on appeal but advised the court by letter that he found no merit in the appeal. This was insufficient; the judgment was reversed.

In the instant appeal, the appointed counsel did file a brief wherein he gave a statement of the case, a statement of the facts, and citation of cases bearing on the mental issue.

We fail to see how *Anders,* supra, could apply and force counsel to contend that there was error or manufacture error when there was none according to his judgment. In compliance with our statuto-

ry duty, we have carefully searched the record and likewise we, too, find no error. Title 15, § 389, Recompiled Code 1958. The jury determined the defendant guilty of robbery as charged, and by so doing they decided the issues, supra, adversely to the defendant. The evidence, in our opinion, supports the verdict.

We are not advised that *Anders*, supra, required counsel for the defendant on this appeal to file a misleading brief in an effort to get a reversal of a judgment which was entered following a fair trial before a conscientious judge, who manifested superior knowledge of the law in the trial of the case. Counsel, as an advocate here, supported his client's appeal to the best of his ability.

The judgment of guilt is due to be and is hereby affirmed.

The foregoing opinion was prepared by the Hon. BOWEN W. SIMMONS, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

All the Judges concur.